Filed 7/20/26  P. v. Eckman CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B344321 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA079538) |
| v. | |
| TOMMY CURTIS ECKMAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

## MEMORANDUM OPINION[1]

This is an appeal from the postconviction denial of appellant Tommy Curtis Eckman's petition for full resentencing under Penal Code section 1172.75.[2]  We affirm because Eckman fails to show the trial court erred in not striking his prior strike

---

[1] We resolve this case by memorandum opinion because it "raise[s] no substantial issues of law or fact . . . ."  (Cal. Stds. Jud. Admin., § 8.1.)

[2] Undesignated statutory citations are to the Penal Code. Generally summarized, effective on January 1, 2025, section 1172.75, eliminates one-year prior prison enhancements except as to a prior conviction for a "sexually violence offense." (*Id.*, subd. (a).)  Upon a full resentencing with the benefit of "changes in law that reduce sentences," the court must apply "a lesser sentence than the one originally imposed" unless the court finds that "imposing a lesser sentence would endanger public safety."  (*Id.*, subd. (d)(1) & (d)(2).)  Resentencing "shall not result in a longer sentence than the one originally imposed."  (*Id.*, subd. (d)(1).)  The court "may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (*Id.*, subd. (d)(3).)  "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (*Id.*, subd. (d)(4).)

convictions and otherwise asserts challenges not cognizable upon review of a postconviction order under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) or challenges we rejected in his direct appeal.[3]

**PROCEDURAL BACKGROUND**[4]

We summarize only those procedural events pertinent to our disposition of this appeal.

1.  ***Eckman's conviction and the trial court's rejection of Eckman's sentencing motions***

A jury convicted Eckman of annoying children, in violation of section 647.6, subdivision (c)(2) (count 1); evading an officer, in violation of Vehicle Code section 2800.2, subdivision (a) (count 2); assault with a deadly weapon on a peace officer, in violation of Penal Code section 245, subdivision (c) (count 3); and resisting an executive officer, in violation of section 69 (count 4).

In an amended information, the People alleged Eckman suffered (1) four prior serious or volent felony convictions pursuant to section 1170.12, subdivisions (a) through (d) and section 667, subdivisions (b) through (i) in the same 1985 case No. A533100; (2) one prior conviction alleged as to each count

---

[3] See footnote 4, *post*.

[4] In reciting the procedural history, we rely in part on our unpublished opinion in case No. B204655 in which we affirmed the original judgment but directed the trial court to reduce one count to a misdemeanor. (See *People v. Eckman* (May 11, 2009, B204655) [nonpub. opn.] [2009 WL 1277733, at pp. *1, *12] (*Eckman*). We, sua sponte, take judicial notice of our prior opinion. (Evid. Code, §§ 452, subd. (d), 459.)

pursuant to section 667.5, subdivision (b) (in case No. KA030241); and (3) one serious prior felony conviction as to count 3 pursuant to section 667, subdivision (a)(1). (*Eckman*, *supra*, B204655 [2009 WL 1277733, at pp. *6–*7].)[5]

The court rejected Eckman's *Benson*[6] motion to strike "connected 'strike' priors," on the theory the strike convictions resulted from "the defendant's commission of a single course of events." The court also denied Eckman's *Romero*[7] motion and rejected Eckman's opposition to consecutive sentencing, which asserted, inter alia, that the court could avoid mandatory

---

[5] These strikes were Eckman's April 1985 convictions for one count of forcible oral copulation, in violation of former section 288a, subdivision (c), and three counts of forcible sodomy, in violation of section 286, subdivision (c). The victim of these crimes was his then wife. The prior prison felony conviction alleged as to each count pursuant to section 667.5, subdivision (b) was a 1997 conviction for violating Health and Safety Code section 11350. (See *Eckman*, *supra*, B204655 [2009 WL 1277733, at pp. *6–*7, *9].)

We note our prior opinion states Eckman was convicted of violating section 288, subdivisions "(a), (c)." To the extent the latter quotation can be interpreted to be a violation of both subdivisions (a) and (c) that would be an incorrect interpretation. Section 288 defines lewd and lascivious conduct, and former section 288a (now section 287) defines oral copulation. The amended information in the record alleges a prior conviction of violating "PC 288a(c)." We thus assume for purposes of this appeal that Eckman was found guilty of violating former section 288a, subdivision (c).

[6] *People v. Benson* (1998) 18 Cal.4th 24.

[7] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

4

consecutive sentencing under the "Three Strikes" law[8] if it struck one of the strikes because counts 2, 3, and 4 arose out of the same operative facts.

Prior to trial, as to count 1, Eckman stipulated to a prior felony conviction of forcible oral copulation in violation of section 288a, subdivision (c).  Eckman waived jury on the other allegations of prior convictions and the court found them true.

## 2. *The trial court's sentence and our opinion on Eckman's direct appeal*

The trial court sentenced Eckman to an aggregate state prison term of 81 years to life in state prison, consisting of a term of 31 years to life on count 3 (a term of 25 years to life, along with a five-year enhancement under § 667, subd. (a)(1) and a one-year enhancement under § 667.5, subd. (b)); a consecutive term of 25 years to life on count 1; and a consecutive term of 25 years to life on count 2.  The court stayed the sentence on count 4 pursuant to section 654.

In 2009, with one exception, we affirmed the judgment.  In doing so, we held the trial court did not abuse its discretion in denying Eckman's *Romero* motion given his "significant recidivist criminal history, including multiple convictions and violations of parole," and that he committed the offenses that were the subject of the appeal within about three weeks from his last release on

---

[8]  "[S]ection 667, subdivisions (b) through (i), is the codification of the Three Strikes law's legislative version (Stats. 1994, ch. 12, § 1). . . . [S]ection1170.12 is the codification of its initiative version (Prop. 184, § 1, as approved by voters, Gen. Elec. (Nov. 8, 1994)).  The two are 'nearly identical.' ([*Romero*], *supra,* 13 Cal.4th at p. 504.)" (*People v. Williams* (1998) 17 Cal.4th 148, 152, fn. 1.)

parole. The court also held the trial court did not abuse its discretion in denying Eckman's *Benson* motion. We also concluded "consecutive sentenc[ing]" was "mandatory."

We, however, found insubstantial evidence to support Eckman's felony conviction on count 1 because there was no evidence to support that the victim of the prior conviction under section 288a, subdivision (c) was a minor under 16 years of age, which would have made his violation of section 647.6, subdivision (c)(2), a felony as opposed to a misdemeanor. We remanded the matter to the trial court to resentence Eckman on count 1 as a misdemeanor in violation of section 647.6, subdivision (a). On remand, Eckman received a one-year county jail sentence on count 1 to run concurrently with count 3.[9]

3. ***Eckman's resentencing petition pursuant to section 1172.75 and the trial court's new sentence eliminating only the prior prison and five-year enhancements***

On August 17, 2023, the superior court issued an order "authoriz[ing] resentencing" under sections 1172.7 and 1172.75 and appointed Eckman counsel. Eckman requested his sentence be recalled, and that he receive a full resentencing hearing, including the benefit of all new laws pursuant to 1172.75. Eckman requested his sentence be reduced to a determinate sentence of 9 years 16 months to be achieved by (1) eliminating the one-year prior prison enhancement, (2) eliminating his five-year enhancement under section 667, subdivision (a) in case

_____

[9] On February 4, 2016, Eckman petitioned for resentencing under Proposition 47. The trial court denied the petition finding him ineligible for relief.

6

No. A533100, (3) striking prior strikes under *Romero* and leaving only one strike thus making him a second striker, (4) awarding a one-year consecutive sentence for violation of section 647.6, subdivision (a), a misdemeanor (count 1), (5) setting count 3 as the base count and imposing a midterm of four years doubled to eight years, (6) imposing one-third the midterm of two years on count two doubled to 16 months, and (7) changing his sentence on count 4 to one third the midterm of two years doubled to 16 months but staying that sentence under section 654.

To support his recommended sentence, Eckman reiterated the arguments in favor of concurrent sentencing and striking his prior strike convictions that he made at his original sentencing. Eckman also argued pursuant to section 1172.75, subdivision (d)(1) that he was entitled to a lesser sentence because he was not a danger to public safety. Because of his then age, 66, his disability, and his performance in prison evidencing his rehabilitation, he did not "pose a risk" to public safety. He claimed his past crimes were "drug induced," his rules violation in prison caused no injuries, and he had been sober for 10 years. He also cited the self-help courses he took in prison and when released, he would take NA and AA classes and work with a sponsor. Eckman attached to his memorandum, inter alia, a sentencing memorandum from the then District Attorney, a rules violation report, certificates of completion of self-help courses, and police reports.

With the exception on one prior prison enhancement, the People opposed striking any enhancement or strike given Eckman's prior violent criminal history and the nature of his crimes in the current case: "This is a defendant with a violent criminal past, who terrifyingly followed a brother and sister

7

around a park, while the defendant was naked, with an arm under a towel.  When police responded, he refused to get out of his car, and instead tried to escape.  When that didn't work, he resisted arrest by kicking one of the officers and attacking another with a . . . makeshift weapon."  The People attached several exhibits to their opposition including, inter alia, minute orders, probation and police reports, our prior opinion, and a list of his in-custody rules violations.

On January 30, 2025, the trial court held a full resentencing hearing and struck the one-year prior prison and five-year section 667, subdivision (a) enhancement but found it was not in the interest of justice "to strike anything further."  The court observed Eckman had made the same arguments he made in the "original trial" and that were addressed in his direct appeal when the appellate court refused to strike any of the strikes.  The resentencing court further observed Eckman was 49 years old when he chased children around a part "in a state of undress."  The court noted Eckman's lack of a crime-free record and that he has done "very, very little" to address his drug and sex abuse issues to indicate that "anything has changed since the time he was convicted."  The court then resentenced Eckman to, among other things, a total of 50 years to life on counts 2 and 3.

Eckman filed a timely appeal.

4.    ***Appellate proceedings regarding Eckman's resentencing petition***

On March 20, 2026, appellant's appointed counsel filed a brief in which she raised no issues and requested this court independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On March 23, 2026 and citing *Wende*, the court sent Eckman notice that he may file a supplemental brief

8

stating "any grounds for an appeal, or contentions, or arguments which appellant wishe[d] this court to consider."  Eckman did not file a supplemental brief.

The citation to *Wende* in the court's March 23, 2026 notice was incorrect.  Generally, when an appellant appeals from the denial of postconviction relief and appointed appellate counsel files a brief raising no issues, an appellate court does not review the record independently to determine whether there are any arguable issues on appeal.  (See *Delgadillo*, *supra*, 14 Cal.5th at pp. 224–226.)  Rather, we "evaluate the specific arguments presented in" the appellant's supplemental brief or letter, if appellant files one.  (See *id.* at p. 232.)  Because Eckman was not informed that *Delgadillo*'s procedures govern this appeal, the court gave Eckman another opportunity to submit a supplemental brief stating any grounds, contentions, or arguments relevant to his postconviction appeal.  We further informed Eckman that if he did not file a supplemental brief, the court may dismiss the appeal as abandoned.  (See *id.* at pp. 231–232.)  On June 12, 2026, Eckman filed a supplemental brief.

## DISCUSSION

In his supplemental brief, Bell makes the following arguments:

1.      In violation of his constitutional rights, he was not brought to trial within 60 days, requested dismissal of his case, and was not represented at the hearing on that request because his counsel was in a jury trial;

2.      The detectives read him his *Miranda* rights only after the detectives interviewed him;

3.      His counsel did not do "a complete investigation of all the evidence of [his] constitutional rights";

9

4. Because his strike convictions predate enactment of the Three Strikes law, the trial court should have stricken his strikes, and not just the one-year prior prison and five-year enhancements;

5. The reduction of count 1 to a misdemeanor reflects an inadequate investigation of the prior conviction in "A533100" and a proper investigation would have produced "a different sentence";

6. He is entitled to a different appellate counsel given his current counsel filed a brief citing no issues and did "not even get a strike remove[d]," and that his current counsel may be biased as a women and maybe as a mother;

7. The bamboo stick involved in count 3 was not a deadly weapon;

8. His recitation of the facts show he should not have suffered the convictions in his current case; and

9. His prison record shows he has taken many "self help" classes and he is 68 years old and disabled in both arms.

A *Delgadillo* appeal from a postconviction resentencing order is not an occasion to revisit issues that this court already decided against Eckman in his appeal from the original judgment. As set forth in our Procedural Background, many of his above arguments ask us to do just that. Attacks on counsel's handling of the original trial, the adequacy of *Miranda* warnings, whether his speedy trial rights were violated, and other issues that could have been raised in the direct appeal, as well as attacks on the jury's evaluation of the evidence, are also not cognizable upon review under *Delgadillo*. Eckman's contention that his strikes predating enactment of the Three Strikes law are not eligible strikes under that law is not supported by case

10

authority.  (See, e.g., *People v. Hamilton* (1995) 40 Cal.App.4th 1615.)

We review a trial court's refusal to strike or dismiss a prior strike conviction under the deferential abuse of discretion standard of review.  (*People v. Carmony* (2004) 33 Cal.4th 367, 373.)  "We presume that the trial court acted to achieve legitimate sentencing objectives.  [Citation.]  The burden is on the party challenging the sentencing decision to show that the court abused its discretion."  (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.)  We conclude Eckman has failed to demonstrate the trial court abused its discretion in not striking Eckman's strike convictions.

## DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED.


BENDIX, J.


We concur:


ROTHSCHILD, P. J.


WEINGART, J.

11